UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GERTRUDE STREET METAL | ) | CASE NO. 15-30141 |
| RECYCLING, INC. | ) | Chapter 11 |
|     Debtor, | ) | |
| | ) | |
| RANDY'S METAL RECYCLING, INC. | ) | CASE NO. 15-30142 |
|     Debtor, | ) | Chapter 11 |
| | ) | |
| GOING GREEN METAL | ) | CASE NO. 15-30143 |
| RECYCLING, INC. | ) | Chapter 11 |
|     Debtor, | ) | |
| | ) | |
| NRJ REAL ESTATE, LLC | ) | CASE NO. 15-30144 |
|     Debtor, | ) | Chapter 11 |
| | ) | |
| RANDY'S TERRITORIAL, LLC | ) | CASE NO. 15-30145 |
|     Debtor. | ) | Chapter 11 |

**MOTION FOR AUTHORITY TO: (1) SELL SUBSTANTIALLY ALL THE ASSETS OF RANDY'S METAL RECYCLING, INC., GERTRUDE STREET METAL RECYCLING, INC., GOING GREEN METAL RECYCLING, INC., , NJR REAL ESTATE, LLC, AND RANDY'S TERRITORIAL, LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; (2) ASSUME AND ASSIGN CERTAIN LEASES AND CONTRACTS; AND (3) WAIVE FOURTEEN DAY STAY OF SALE**

Randy's Metal Recycling, Inc., Gertrude Street Recycling, Inc., Going Green Metal Recycling, Inc., NJR, Real Estate LLC, and Randy's Territorial, LLC, as debtors and debtors-in-possession (hereinafter collectively the "Debtors"), by counsel, hereby seek the entry of an Order pursuant to 11 U.S.C. §§ 363 and 365, Federal Rules of Bankruptcy Procedure 2002 and 6004 and Northern District of Indiana Local Rule B- 6004-1 authorizing and allowing the Debtors to sell substantially all of their assets as a going concern to the buyer making the highest and best offer free and clear of all liens, claims, interests and encumbrances

(collectively, the "Liens"), with such Liens to attach to the proceeds of the such sale except as otherwise provided in the sale documents. The Debtors also seek an Order authorizing and allowing the following related relief: (1) the assumption and assignment of certain executory contracts and/or unexpired leases pursuant to 11 U.S.C. § 365; and (2) waiver of the fourteen (14) day stay of such sale imposed by Federal Rule of Bankruptcy Procedure 6004(h). In support of its motion (the "Sale Motion"), the Debtor states as follows:

## Jurisdiction and Venue

1. Debtor, Randy's Metal Recycling, Inc. ("Randy's") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 30, 2015 ("Randy's Petition Date").

2. Debtor, Gertrude Street Metal, Inc. ("Gertrude") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 30, 2015 ("Gertrude Petition Date").

3. Debtor, Going Green Metal Recycling, Inc. ("GGI") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 30, 2015 ("GGI Petition Date").

4. Debtor, NJR, LLC ("NJR") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 30, 2015 ("NJR Petition Date").

5. Debtor Randy's Territorial, LLC, ("Randy's Territorial") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 30, 2015 ("Randy's Territorial Petition Date").

6. The Debtors' Motion for Substantive Consolidation of the above cases is pending before this Court.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a "core" proceeding under 28 U.S.C. §§ 157(b)(2)(N) and (O). The relief requested flows from the

statutory scheme codified by the Bankruptcy Code, addresses an area of law long determined by Bankruptcy Courts, and is purely a creature of federal law. Accordingly, this Court has jurisdiction and authority to hear this matter under *Stern v. Marshall*, 131 S. Ct. 2594, 180 L.Ed.2d 475 (U.S. 2011) and *In re Ortiz*, 665 F.3d 906 (7th Cir. 2011).

## Background

8. Debtors own or lease and operate certain plants for recycling of metals, plastics, and other materials collected in South Bend, Indiana; Eau Claire, Michigan; and Cicero, Indiana.

9. First Source Bank, the U.S. Small Business Administration, and the U.S. Internal Revenue Service hold valid and perfected security interests in some (or all) of the Debtors as set forth in the respective bankruptcy schedules. The secured claims of these creditors exceed $6 Million.

10. The Debtors filed these Chapter 11 cases to provide the most efficient forum to sell substantially all of their assets.

11. The Sale Motion seeks Court authority to sell substantially all of the Debtors' assets (the "Acquired Assets") free and clear of all liens, claims, interests, and encumbrances, except as provided in the sale documents, to the buyer making the highest and best offer.

12. The Debtors, through this Motion, seek to establish the stalking horse bid and breakup fee to be paid if the stalking horse bidder is not the final purchaser, to establish the procedures for bidding on the Debtors' assets, establish an auction date for the sale of the Debtors' assets, and set a hearing for approval of such sale.

13. The Debtors propose to sell to the Acquired Assets to Louis Padnos Iron and Metal Company, or its nominee, pursuant to the executed APA (the "Padnos Bid") attached to the *Motion To Establish Bidding Procedures For The Sale Of Substantially All The Assets Of*

*Debtors Randy's Metal Recycling, Inc., Gertrude Street Recycling, Inc., Going Green Metal Recycling, Inc., NJR, LLC, and Randy's Territorial, LLC, and Establishing Auction And Hearing Dates* filed contemporaneously herewith (the "<u>Bid Procedures Motion</u>").

14. Any party interested in purchasing the Acquired Assets must submit a "Qualified Bid" in accordance with the bidding procedures set forth in the Bid Procedures Motion. Any capitalized terms not otherwise defined in the Motion have the meanings set forth in the APA or the Bid Procedures Motion.

15. The Padnos Bid would be the opening bid at an auction, with other parties making a Qualified Bid entitled to make higher and better offers for the Acquired Assets.

16. The APA contains certain conditions precedent between the Debtors and any buyer. Conditions to the buyer's obligation to purchase the Acquired Assets include (undefined terms have the meanings set forth in the APA):

(i) the representations and warranties set forth in the APA shall be true and correct in all material respects at and as of the Closing Date, except to the extent that such representations and warranties are qualified by the term "material," or contain terms such as "Material Adverse Effect" or "Material Adverse Change," in which case such representations and warranties (as so written, including the term "material" or "Material") shall be true and correct in all respects at and as of the Closing Date;

(ii) Sellers shall have performed and complied with all of their covenants hereunder in all material respects through the Closing, except to the extent that such covenants are qualified by the term "material," or contain terms such as "Material Adverse Effect" or "Material Adverse Change," in which case Sellers shall have performed and complied with all of such covenants (as so written, including the term "material" or "Material") in all respects through the Closing and since the date of this Agreement, there has not been any Material Adverse Change;

(iii) Sellers shall have obtained and delivered to Buyer the Final Sale Order; and

(iv) all actions to be taken by Sellers in connection with consummation of the transactions contemplated hereby and all certificates, opinions, instruments, and other documents required to effect the transactions contemplated hereby will be reasonably satisfactory in form and substance to Buyer.

**Basis For the Relief Requested**

17. Section 363(b)(1) of the Bankruptcy Code authorizes a trustee to sell property of the estate outside the ordinary course of business after notice and a hearing. Generally speaking, a Court will approve a proposed sale of property outside the ordinary course of business if such a sale represents sound business judgment. *See, e.g., In re Allegheny Int'l, Inc.*, 117 B.R. 171, 176-77 (W.D. Pa. 1990); *In re Zoll*, No. 10-B-2748, 2012 WL 295168, *5 (Bankr. N.D. Ill. Feb. 1, 2012); *In re Quality Stores, Inc.*, 272 B.R. 643, 647 (Bankr. W.D. Mich. 2002); *In re Stroud Ford, Inc.*, 163 B.R. 730, 732 (Bankr. M.D. Pa. 1993); *In re Brethren Care of South Bend, Inc.*, 98 B.R. 927, 933-934 (Bankr. N.D. Ind. 1989).

18. Furthermore, such a sale must be proposed in good faith, meaning that the proposed sale or lease should benefit the estate and creditors and not the insiders of the Debtors. *See In re Filtercorp, Inc.*, 163 F.3d 570, 578 (9th Cir. 1998); *In rAllegheny Int'l, Inc.*, 117 B.R. at 176-77; *In re Xact Telesolutions, Inc.,* No. 2005-1230, 2006 WL 66665, *5-6 (Bankr. D. Md. Jan. 10, 2006); *In re Indus. Valley Refrigeration & Air Conditioning Supplies, Inc.*, 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987); see also *In re Abbotts Dairies, Inc.*, 788 F.2d 143, 147-50 (3rd Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1070-71 (2d Cir. 1983).

19. Here, the Debtors submit that the sale of the Acquired Assets constitutes sound business judgment as it will provide the highest and best price for the Acquired Assets.

20. The Debtors also submit that the sale is proposed in good faith. By subjecting the sale to the public market, any transaction will be negotiated at arms length. Any insider bidding on the Acquired Assets would be on equal footing as any other interested purchaser.

21. Federal Rule of Bankruptcy Procedure 6004(f)(1) provides that a sale of property may

be by public or private means. The Debtors believe that a public sale will provide them with the highest and best offer in order to obtain the maximum value for their estates and creditors.

22. In addition to the purchase of the Acquired Assets, the Buyer may seek to assume one or more executory contracts and/or unexpired leases (the "Assumed Contracts and Leases") as set forth more fully in the Bid Procedures Motion.

23. Pursuant to § 365(a) of the Bankruptcy Code, a debtor may assume any executory contract or unexpired lease subject to Court approval. If there was a default under any Assumed Contracts and Leases, such assumption may occur provided that the Debtors: (a) cure, or provides adequate assurance that the Debtor will promptly cure, any default under the applicable Assumed Contracts and Leases; (b) compensates, or provides adequate assurance that the Debtors will promptly compensate, the counterparty to the applicable Assumed Contracts and Leases for any pecuniary loss caused by such default; and (c) provides adequate assurance of future performance under such Assumed Contracts and Leases. 11 U.S.C. § 365(b).

24. The Debtors may assign an executory contract or unexpired lease to a third party provided that the Debtors have met their obligations for assumption under §§ 365(a) and (b) of the Bankruptcy Code and the proposed assignee provides adequate assurance of future performance under the contract or lease to be assigned. 11 U.S.C. § 365(f).

25. Based on the foregoing, the Debtors respectfully request that the Court authorize the Debtors' assumption of the Assumed Contracts and Leases and their subsequent assignment to the Buyer at the public sale.

26. Finally, Federal Rule of Bankruptcy Procedure 6004(h) provides that any order approving a sale of property other than cash collateral is stayed for a period of fourteen (14)

days.

27. Because any delay in approving the sale of the Acquired Assets to the Buyer only increases the Debtors' administrative claims, the Debtors respectfully request that the Court waive the 14 day stay and that any order approving the sale of the Acquired Assets be effective immediately.

WHEREFORE, the Debtors respectfully request the Court enter an Order: (1) authorizing a sale of the Acquired Assets to the Buyer at a public sale in a form substantially similar to the APA and free and clear of Liens with such Liens attaching to the proceeds of the sale, except as otherwise provided in the sale documents; (2) authorizing and allowing the assumption of the Assumed Contracts and Leases by the Debtors to be assigned to the Buyer; (3) waiving the fourteen day stay under Federal Rule of Bankruptcy Procedure 6004(g); and (4) granting the Debtors such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ R. William Jonas, Jr.
R. William Jonas, Jr., (#5025-71)
*Attorney for Debtors*
HAMMERSCHMIDT, AMARAL & JONAS
137 N. Michigan Street
South Bend, IN 46601
(574) 282-1231